**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:26-cv-21695-GAYLES**

**GERARDO LOPEZ ORTIZ,**

      **Petitioner**,

**v.**

**Garrett RIPA, Field Office Director of Enforcement and Removal Operations, Miami Field Office, Immigration and Customs Enforcement; Warden of the Miami Federal Detention Center, In His Official Capacity,**

      **Respondents.**

_____/

**<u>ORDER</u>**

**THIS CAUSE** comes before the Court on Gerardo Lopez Ortiz's ("Petitioner") Petition for Writ of Habeas Corpus (the "Petition") against Garret Ripa, the Field Office Director of the Miami Office of Immigration and Customs Enforcement, and Warden of the Miami Federal Detention Center (collectively, "Respondents"). [ECF No. 1]. Petitioner challenges his detention at Miami Federal Detention Center ("FDC Miami") without being afforded an individualized bond determination. *See generally id*. Respondents filed a Response to Order to Show Cause (the "Response"). [ECF No. 6]. The Court has considered the record, the parties' submissions, and applicable law. For the following reasons, the Petition is **GRANTED IN PART**.

I.      **BACKGROUND**

      A.      **Petitioner's Immigration History in the United States**

In 2005, Petitioner, a Mexican national, entered the United States without inspection and has resided in the country since then. [ECF No. 1 ¶ 15]; [ECF No. 6 ¶ 16]. Petitioner has three

American children. [ECF No. 1 ¶ 20]. On October 22, 2025, Petitioner entered a plea of nolo contendere for the offense of Child Abuse in the Seventh Judicial Circuit in Volusia County, Florida, and was sentenced to five years of probation. [ECF No. 6-4].

On March 4, 2026, Immigration and Customs Enforcement ("ICE") agents arrested Petitioner and subsequently transferred him to FDC Miami where he has been detained since his arrest. *Id.* ¶ 17.  On the same date, ICE served Petitioner with a Notice to Appear (the "Notice") and initiated his removal pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). [ECF No. 6 at 2]. The Notice alleges that Petitioner is "an alien present in the United States without being admitted or paroled, or who arrived in the United States at a time or place other then as designated by the Attorney General" and that Petitioner "at the time of application for admission, wa[s] not in possession of a valid [entry document]" as required by the INA. [ECF No. 6–2 at 4].

### B.    Petitioner's Habeas Petition

On March 14, 2026, Petitioner filed his Petition. [ECF No. 1]. In the Petition, Petitioner alleges that Respondents' conduct violates the Immigration and Nationality Act (Count I) and Due Process under the Fifth Amendment to the Constitution (Count 2). *Id.* ¶¶ 23–33. Petitioner asks this Court to grant his Petition or order that he be provided an individualized bond hearing within seven days. *Id.* at 8. In their Response, Respondents argue that Petitioner is not entitled to an individualized bond hearing because he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A), not § 1226(a). [ECF No. 6 at 2–3].

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . ." 28 U.S.C. § 2241(a). "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674,

693 (2008). This Court has jurisdiction over challenges involving immigration detention as to whether Petitioner is detained subject to § 1225(b)(2) or § 1226(a). *See, e.g., Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) (holding the Court has jurisdiction to decide whether petitioner is subject to § 1226(a) or § 1225(b)(2)); *Nguyen v. Parra*, No. 25-CV-25325-JB, 2025 WL 3451649, at *2 (S.D. Fla. Dec. 1, 2025) (same).

## III.   ANALYSIS

### A.   Detention

The core disagreement between Petitioner and Respondents is whether Petitioner is detained under § 1225(b)(2), and is thus ineligible for bond, or § 1226(a), which allows for release on bond. Section 1225(b) governs the inspection of applicants for admission, which is defined in § 1225(a)(1) as "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . ." 8 U.S.C. § 1225. Detention for applicants for admission under § 1225(b)(2) is mandatory and, as such, an applicant for admission is ineligible for bond. *See, e.g., Nguyen*, 2025 WL 3451649, at *3 (citing *Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025)).

In contrast to applicants seeking admission into the United States, "[§ 1226(a)] also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings. . . ." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Section 1226(a) states that a noncitizen already present in the United States "may be arrested and detained pending a decision on whether the alien is to be removed from the United States" and may be released on bond. 8 U.S.C. § 1226(a)(2). Thus, this statute "establishes a discretionary detention framework," *Gomes,* 2025 WL 1869299, at *2, unlike the mandatory detention framework of § 1225(b)(2).

3

Importantly, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

On July 8, 2025, the DHS issued a notice to all ICE employees, indicating that any noncitizen in the United States who has not been formally admitted or paroled shall be considered an applicant for admission and shall be subject to § 1225(b)(2). *See, e.g., Merino, 2025 WL 2941609, at* *3 (citing ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission, AILA Doc. No. 25071607 (July 8, 2025)). Following this interpretation, the BIA held in *Matter of Yajure Hurtado* that an immigration judge had no authority to provide a bond hearing to a noncitizen, who had been living in the United States for years without admission or parole, because he is an applicant for admission under § 1225(b)(2), subject to mandatory detention. 29 I&N Dec. 216 (BIA 2025).

District Courts have overwhelmingly rejected the BIA's interpretation. "DHS's interpretation of the applicability of § 1225(b)(2), rather than § 1226, to noncitizens who have resided in the country for years and were already in the United States when apprehended, runs afoul of the statutes' legislative history, plain meaning, and interpretation by courts in the First, Second, Fifth, Sixth, Eighth, and Ninth Circuits."[1] *Merino,* 2025 WL 2941609, at *3 (citing cases); *see also Puga*, 2025 WL 2938369, at *2 ("As explained, the statutory text, context, and scheme of section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so. Additionally, numerous courts that have examined the interpretation of section 1225 articulated by Respondents — particularly following the BIA's decision in *Matter of Yajure*

---

[1] The Court acknowledges the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 U.S. App. LEXIS 3899 (5th Cir. Feb. 6, 2026), which agreed with the government's position here. But that decision "distort[s] the statutory text, abstract[s] it from its context and history, ignore[s] the Supreme Court's clearly stated understanding of the statutory scheme, and wave[s] away the [government's] previous failure to detain millions of noncitizens as if it were a rounding error." *Id.* at *28 (Douglas, J., dissenting). Indeed, the Fifth Circuit's decision "is not binding here, and it contradicts the vast majority of district court opinions addressing the issue." *Lobovillalobos v. Hardin*, No. 2:26-cv-00446, 2026 U.S. Dist. LEXIS 45140, at *2 n.1 (M.D. Fla. Mar. 5, 2026).

*Hurtado* — have rejected their construction and adopted Petitioner's."); *Nguyen*, 2025 WL 3451649, at *3; *Ardon-Quiroz,* 2025 WL 3451645, at *7.

The Court agrees that the plain reading of the statute supports a finding that Petitioner, who has been living in the United States since 2005, is governed by § 1226(a) and not § 1252(b)(2). Petitioner is therefore entitled to a bond hearing under § 1226(a), and Count I of Petition is granted in part. The Court declines to reach the merits of Petitioner's INA claim in Count I or his due process claim in Count II, as the Court is granting in part the relief requested in Count I. *See, e.g.*, *Nguyen*, 2025 WL 3451649, at *4 (declining to reach the merits of the petitioner's due process claim because it granted the requested relief in other counts but allowing the petitioner to reassert its due process claim if the respondents do not provide a bond hearing); *Puga*, 2025 WL 2938369, at *6 (same). If Respondents do not comply with this Order by providing Petitioner a bond hearing under § 1226(a), Petitioner may renew his due process claim. Since Count II "is an unripe claim contingent on Petitioner not receiving a custody determination hearing under section 1226(a), 'the Court must dismiss it without prejudice[.]'" *Nguyen*, 2025 WL 3451649, at *4 (citing *Babilla v. Allstate Ins. Co.*, No. 20-cv-1434, 2020 WL 6870610, at *1 (M.D. Fla. Aug. 27, 2020)).

### B. Exhaustion

Respondents also argue that the Court should dismiss the Petition because Petitioner has failed to exhaust administrative remedies. [ECF No. 6 at 10–11]. Not so. "[E]xhaustion is not required where . . . an administrative appeal would be futile." *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (citing *Von Hoffberg v. Alexander*, 615 F.2d 633, 638 (5th Cir. 1980)). Importantly, the exhaustion requirement under 8 U.S.C. § 1252(d)(1) is prudential, "not jurisdictional." *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023). Here, since any "subsequent bond appeal to the BIA is nearly a foregone conclusion under Yajure Hurtado, any

prudential exhaustion requirements are excused for futility." *Puga*, 2025 WL 2938369, at *2; *see also Ardon-Quiroz v. Assistant Field Dir.*, No. 25-CV-25290-JB, 2025 WL 3451645, at *5 (S.D. Fla. Dec. 1, 2025).

## IV.     CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

(1)     Petitioner Gerardo Lopez Ortiz 's Petition for Writ of Habeas Corpus, [ECF No. 1], is **GRANTED IN PART**. The Court finds that Petitioner falls under 8 U.S.C. § 1226(a).

(2)     Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) on or before **April 27, 2026**, or otherwise release Petitioner.

(3)     This case is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of April, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE